PATTERSON V. TDPS



NO. 07-02-0080-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS


 

AT AMARILLO



PANEL D



FEBRUARY 28, 2002


______________________________



STEVE P. PATTERSON and KIM PATTERSON,



 Appellants

v.



TEXAS DEPARTMENT OF PROTECTIVE SERVICE,



 Appellee

_________________________________



FROM THE 320th DISTRICT COURT OF POTTER COUNTY;



NO. 62,466-D; HON. DON EMERSON, PRESIDING


_______________________________



DISMISSAL


_______________________________



Before BOYD, C.J., and QUINN and REAVIS, JJ.

 Steve P. Patterson and Kim Patterson, appellants, filed their pro se notice of appeal
on January 14, 2002. Accompanying the notice was neither a filing fee of $125.00 or proof
of their status as paupers. Consequently, this Court issued a letter, dated February 11,
2002, informing the Pattersons of the defect and that the failure to cure same within ten
days could result in the dismissal of the appeal. So too were they told of their need to file
a docketing statement within the same time period. The letter then was sent to their last
known address, which address was reflected on the docket of the Potter County District
Clerk. The missive was returned, however, and on the envelope appeared the notation
"FOE" (forwarding order expired) and a stamp directing that it be "return[ed] to sender not
forwardable." No other address of the Pattersons have been provided to this court. Nor
has it received the filing fee mentioned above, proof enabling the Patterson to continue
their appeal as indigents (as authorized by the Texas Rules of Appellate Procedure), or
the docketing statement. 

 Accordingly, we dismiss the appeal pursuant to Texas Rule of Appellate Procedure
42.3 (c) due to appellant's failure to pay the filing fee and provide a docketing statement
as previously directed by this Court.


 Per Curiam


Do not publish.



d appellant into the stairwell that he had taken. Upon rounding the corner of the
stairwell, appellant charged Parker, knocking the bottle from his hand. A struggle ensued
with both appellant and Parker attempting to obtain the bottle. Parker was successful in
keeping appellant from the bottle but, during the struggle, appellant grabbed Parker by the
shirt and threw him to the ground causing Parker a minor scrape to his elbow. Appellant
then walked away. The managers continued to follow appellant until police arrived and
arrested appellant.

 By two issues, appellant contends that the evidence supporting his conviction was
legally and factually insufficient. Specifically, appellant challenges the sufficiency of the
evidence that he intentionally, knowingly, or recklessly caused another bodily injury in the
course of committing theft, an essential element of the offense of robbery. See Tex. Pen.
Code Ann. §§ 29.01(1), 29.02 (Vernon 2003). (1)

Standards of Review

 Evidence is legally sufficient if, viewing all of the evidence in the light most favorable
to the verdict, a rational fact finder could have found the essential elements of the crime
beyond a reasonable doubt. See King v. State, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000). 
A conviction will be sustained unless it is irrational or unsupported by more than a mere
modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). 

 Evidence is factually sufficient if, viewing all of the evidence in a neutral light, a
rational fact finder would be justified in finding the defendant guilty beyond a reasonable
doubt. See Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). There are two
ways in which the evidence may be factually insufficient. First, when considered by itself,
evidence supporting the verdict may be too weak to support the finding of guilt beyond a
reasonable doubt. Id. Second, considering all of the evidence, both for and against the
verdict, the contrary evidence may be so strong that the beyond-a-reasonable-doubt
standard could not have been met. Id. at 484-85.

Law

 A person commits the offense of robbery if, in the course of committing theft and
with intent to obtain or maintain control of the property, he intentionally, knowingly, or
recklessly causes bodily injury to another. § 29.02(a)(1). The phrase "in the course of
committing theft" is statutorily defined to include conduct that occurs in immediate flight
after the attempt or commission of theft. § 29.01(1). However, neither the penal code nor
case law defines "immediate flight." Oggletree v. State, 851 S.W.2d 367, 369
(Tex.App.-Houston [1st Dist.] 1993, writ ref'd). Whether bodily injury was caused in the
immediate flight from a theft must be determined by comparing the facts of the case with
case law addressing the issue. Id. 

Analysis

 Appellant does not dispute that he committed theft nor that he injured Parker. 
However, appellant contends that he did not commit robbery because the bodily injury he
caused Parker did not occur in the course of committing theft. Appellant contends that,
since he subjectively believed that the managers could not pursue him once he left the
store's property, he was not in immediate flight from the commission of the theft when he
injured Parker. While appellant presents both legal and factual sufficiency issues, the
argument for each issue is identical. 

 We initially note that appellant cites no case law nor provides any substantive
argument to support his contention that his subjective belief that there was no reason to
flee negates a determination that subsequent bodily injury was caused in immediate flight
from a theft. This failure to adequately brief the issues presented precludes us from
adequately evaluating these issues. See Tex. R. App. P. 38.1(h); Lagrone v. State, 942
S.W.2d 602, 614 (Tex.Crim.App. 1997). However, in an abundance of caution, we will
address each of appellant's issues. 

 We construe appellant's sufficiency challenge to contend that appellant's subjective
belief that he could not be pursued by the managers negated the essential robbery element
that he caused another bodily injury while in immediate flight from the commission of the
theft. In Oggletree, the appellant challenged the sufficiency of the evidence supporting his
aggravated robbery conviction contending that the bodily injury that he caused upon his
return to the scene of the theft was separate and distinct from his immediate flight from the
attempted theft. Oggletree, 851 S.W.2d at 369. The court rejected this contention
determining instead that, because the appellant had engaged in one continuous criminal
episode uninterrupted by intervening circumstances, a rational jury could have found that
the appellant caused bodily injury in the immediate flight from the attempted theft. Id. 369-70. Thus, in Oggletree, the appellant's subjective belief that he had successfully fled from
the theft prior to his return to the scene of the crime had no bearing on the determination
of whether appellant caused another bodily injury in immediate flight from the theft. Based
on the reasoning of Oggletree, we are not persuaded by appellant's main argument that
his subjective belief negates a determination that he caused another bodily injury in the
commission of theft. See Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

 Viewing all of the evidence in the light most favorable to the verdict, we conclude
that the evidence was sufficient to enable a rational jury to find, beyond a reasonable
doubt, that appellant caused Parker bodily injury while in immediate flight from the theft. 
See King, 29 S.W.3d at 562. We overrule appellant's first issue.

 Further, having rejected appellant's contention regarding the effect of his subjective
belief, we conclude that the remaining evidence, when viewed in a neutral light, is not so
weak that a rational jury could not have found appellant guilty of robbery beyond a
reasonable doubt. Evidence was presented that appellant alternated between walking and
running from the pursuing managers, threatened the managers in an attempt to dissuade
them from following him, threw a bottle at the managers to halt their pursuit, attempted to
evade their pursuit by darting into a stairwell at a nearby apartment complex, and attacked
Parker to elude apprehension. We conclude that this evidence is sufficient to establish that
appellant acted in one continuous criminal episode uninterrupted by intervening
circumstances and, therefore, the jury was rationally justified in concluding that appellant
injured Parker while in immediate flight from the theft. We overrule appellant's second
issue.



Conclusion

 Concluding that the evidence supporting appellant's conviction for robbery was both
legally and factually sufficient, we affirm the judgment of the trial court.


 Mackey K. Hancock

 Justice




Do not publish. 


1. Further reference to provisions of the Texas Penal Code will be by reference to "§
__."